**SO ORDERED.**

**SIGNED this 09 day of November, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

DON B. BOSCO and NANCY BOSCO,             CASE NO.  10-08000-8-JRL
                                                                              Chapter 13
          DEBTORS.

ORDER EXTENDING AUTOMATIC STAY

This matter came before the court on the debtors' motion to extend the automatic stay. A hearing was held on October 27, 2010, in Raleigh, North Carolina.

The debtors filed a voluntary chapter 13 petition on October 1, 2010. This petition was their third in 18 months. The first case, filed on April 1, 2009, was dismissed on September 23, 2009 for the debtors' failure to make plan payments. The case was later reopened to investigate conduct of the debtors' former counsel but was closed again on March 31, 2010. The second petition was filed on December 4, 2009 and dismissed without prejudice on September 9, 2010 for exceeding the secured debt limits of 11 U.S.C. § 109(e). Upon this motion to extend the automatic stay under § 362(c)(3)(B), creditor SunTrust Bank responded, asserting that the debtors failed to disclose almost $100,000.00 in unsecured debts listed in their second filing, which would make them in violation of the §109(e) limits. The debtors have provided sufficient explanation as to why these unsecured debts were not listed in their current petition and the court

finds they are within the unsecured debt limits of §109(e).  Furthermore, the debtors have demonstrated substantial changes in their financial and personal affairs such that extension of the automatic stay should be granted as to any and all creditors.

At the hearing, the debtors testified and presented evidence of their unsecured debts as of the date of filing.  In determining eligibility for filing chapter 13, §109(e) allows individuals with regular income to have noncontingent, liquidated, unsecured debts of up to $360,475.00.  11 U.S.C. §109(e).  For joint debtors, the debt limits apply individually.  So long as each spouse qualifies separately under the limits, they are eligible to file jointly even if the debts of both spouses together would exceed the limits.  In re Werts, 410 B.R. 677, 688 (Bankr. D. Kan. 2009).  This reading of §109(e) comports with the goal of encouraging chapter 13 filings as opposed to allowing married debtors half of the debt limits allowed for individual debtors.  Id.  The debtors testified that they have made efforts to keep the majority of their unsecured debts separate and share joint liability on only two unsecured debts, which are owed to SunTrust Bank.

The female debtor has $301,411.00 in unsecured claims.  SunTrust Bank argues she failed to list three debts which would make her in excess of the $360,475.00 limit.  The first debt is a Bank of America credit card joint claim for $8,900.00.  The female debtor testified this debt was listed in their petition; however, it was without an amount of claim or account number.  The claim had been transferred several times such that the debtors could not match it to the claim listed in the previous filing.  Furthermore, the female debtor said she erroneously listed the claim as a joint debt when the account was only in her name.  The debtors presented account statements that came in the female debtor's name alone.  Including this debt in the amount asserted by SunTrust leaves the female debtor below the eligibility amount.

The second debt included was a Washington Mutual credit card claim in the female

debtor's name for $13,492.00.  This claim was sold to Portfolio Recovery Associates and is accurately listed in the debtors' petition.

The third debt SunTrust argues the debtors failed to list is a Bank of America joint debt of $46,429.55.  The debtors owned and operated Tuscan Grill, Inc., a restaurant in Carolina Beach.  This claim was for a credit card held in the corporation's name.  The female debtor listed this debt in the prior petition because she did not know she did not have to list corporate debts that were not personally guaranteed by her and her husband.  Nothing in the record indicates that this claim is against the debtors.  The statements for the account were in the name of Tuscan Grill, Inc., the debt does not appear on the debtors' credit report, and the debtors have objected to Bank of America's claim for these reasons.  SunTrust has not shown evidence to the contrary; thus, in terms of the eligibility analysis, the $46,429.55 claim is not included.

The male debtor has unsecured debts totaling $194,388.57 after including proof of claims filed to date.  For the reasons stated above, the male debtor does not need to include the $46,429.55 debt cited by SunTrust Bank as a joint debt, which for the purposes of the eligibility analysis has been established as a corporate debt.  In addition, the male debtor does not need to list the $8,900.00 debt, which, as stated above, is a debt of the female debtor.  There are two remaining claims SunTrust Bank argues were left out of the petition and thus out of the male debtor's eligibility analysis.  The first is a $4,801.42 credit card debt in the male debtor's name.  This claim has been transferred to LVNV Funding since the last bankruptcy filing.  It was not listed in the petition; however, LVNV Funding filed a proof of claim and this amount is included in the male debtor's $194,388.57 unsecured debt total.  The second claim is a $24,505.05 credit card debt.  Again, this debt was not listed in the petition; however, Creditor FIA Card Services has filed a proof of claim in this amount and it is included in the male debtor's total unsecured

3

debt which is below the §109(e) limit.[1]  After reviewing the debtors' testimony and exhibit, the court finds both debtors are not in violation of the unsecured debt limits of §109(e)

Having had a case pending within the previous year, the debtors must overcome the presumption that the current case was not filed in good faith by demonstrating a substantial change in financial or personal affairs.  11 U.S.C. §362(c)(3)(C).  The debtors have met this burden.  Both have found new employment and reduced their health care costs by securing health insurance through the female debtor's new employment.  In particular, the male debtor obtained certification in computer-aided design, as he can no longer physically work as a contractor.  He has been successful in earning income from his design services clients.  The debtors liquidated two properties that caused them to exceed the secured debt limits in the previous filing.  Since that time, they have secured stable tenants in their remaining rental properties.

The court finds that the debtors have provided clear and convincing evidence sufficient to rebut the presumption that the case was not filed in good faith.  Accordingly, and pursuant to §362(c)(3)(B), the stay contained in § 362(a) shall continue in effect throughout the pendency of the debtors' chapter 13 case as to all creditors unless otherwise ordered or terminated by operation of a separate statutory provision (e.g., § 362(h)).

END OF DOCUMENT

---

[1] The debtors filed an objection to this claim.  FIA listed it as a joint claim and the debtors contend it is a debt of the male debtor only.  The debtors presented account statements that indicate the credit card was in the male debtor's name alone, and thus for purposes of the eligibility analysis, the court finds it is only part of his individual debt total.